Filed 11/13/14  P. v. Esparza CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID TORREZ ESPARZA,<br><br>    Defendant and Appellant. | F068056<br><br>(Super. Ct. No. 1006228)<br><br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Detjen, J. and Peña, J.

# INTRODUCTION

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended [Penal Code] sections 667 and 1170.12 and added [Penal Code] section 1170.126 (hereafter the Act).[1] The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

On June 13, 2013, David Torrez Esparza (defendant), an inmate serving a term of 25 years to life in prison following conviction of a felony that was not violent (as defined by § 667.5, subd. (c)) or serious (as defined by § 1192.7, subd. (c)), filed a "NOTICE OF PETITION FOR ELIGIBILITY DETERMINATION UNDER PENAL CODE SECTION 1170.126" and request for recall of sentencing, seeking resentencing under the Act. The trial court determined defendant did not qualify (was ineligible) for resentencing and denied the petition. Defendant now appeals. We affirm.

---

**1**    Further statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY[2]

As of April 11, 2000, defendant was wanted for violating the conditions of his parole by submitting a positive drug test and absconding. That morning, parole officers, acting on a tip concerning defendant's whereabouts, went to an apartment on South Orange Street in Turlock. The door was answered by Caroline Lomoljo, who directed the officers to a bedroom in which defendant was asleep. Defendant was taken into custody without incident.

A search of the bedroom revealed an open duffle bag sitting on top of baby clothes in a crib in the corner. Inside the duffle bag, on top of men's clothing and underwear, was an unloaded .357 magnum handgun. Asked if the bag was his, defendant said no, but some of the things in it were. An inventory search of the duffle bag's contents revealed a small vinyl bag containing six .357 magnum cartridges, three syringes, defendant's identification card, letters addressed to him at a different residence, and several articles of men's clothing. There were no usable fingerprints on the firearm; however, Lomoljo said defendant was the only person who stayed in that room and that the duffle bag belonged to him.

As officers were escorting defendant from the apartment, Rudy Perez and his girlfriend, Hilda Ramirez, arrived and said they lived there. Parole Officer James Oliver informed them of defendant's arrest and that officers had found a gun. Oliver testified at trial that the couple acted shocked and surprised, as if they did not know about the weapon.

At trial, Lomoljo testified she, Perez, Ramirez, and the couple's baby lived at the apartment, while defendant had arrived a few days before he was arrested. Defendant

---

[2]     The facts of defendant's current offense and portions of the procedural history are taken from this court's nonpublished opinion in *People v. Esparza* (Feb. 24, 2004, F040799). We have taken judicial notice of that opinion by separate order.

3.

slept in one bedroom; Perez and Ramirez slept in the other bedroom; and Lomoljo slept in the living room. Lomoljo never saw Perez or Ramirez sleep in defendant's bedroom, nor did she see either of them enter that bedroom on the morning of defendant's arrest. Lomoljo never saw Perez or Ramirez with a gun, and did not know one was in the apartment.

Defendant's brother testified defendant and Perez were friends and heroin users. The gun found in the duffle bag was one Perez had shown him one day when Perez said he thought defendant was sleeping with Ramirez and asked defendant's brother to talk to defendant. Defendant's brother knew defendant did not have a gun and had never seen defendant with one.

When interviewed by a defense investigator, Perez said the gun was his. According to Ramirez, she and Perez used the extra bedroom in the apartment, where defendant occasionally stayed, as a storage area, and Perez kept belongings in that room. Ramirez testified the firearm found in the duffle bag belonged to her uncle, and that Perez kept it in the closet inside a duffle bag that looked similar to, but was a different brand than, the duffle bag in which defendant kept his clothes. Ramirez never saw defendant handle this or any other firearm. She denied telling Minnie Britt that Perez planted the gun in defendant's duffle bag.

Minnie Britt testified at trial that she had seen Perez carry handguns, including the gun in question. Ramirez told her Perez planted the gun in defendant's bag to get even with defendant for defendant's relationship with Ramirez.

On May 7, 2001, a jury convicted defendant of being a felon in possession of a firearm. (Former § 12021, subd. (a), see now § 29800, subd. (a)(1).) Following a bifurcated court trial, he was found to have suffered four prior strike convictions (§ 667, subd. (d)) and to have served three prior prison terms (§ 667.5, subd. (b)). On January 18, 2002, the court sentenced defendant to 25 years to life in prison.

As previously stated, on June 13, 2013, defendant petitioned for a recall of sentence and to be resentenced pursuant to section 1170.126. The People opposed the petition on the ground defendant was ineligible for resentencing because both his conviction for violating former section 12021 and the facts of the offense showed he was armed with a firearm during commission of his current offense.

On August 26, 2013, following review of various legal authorities and this court's opinion in defendant's prior appeal, the trial court found defendant was armed with a firearm during commission of his commitment offense. Accordingly, it denied the request for resentencing.

## DISCUSSION

Defendant contends he was eligible for resentencing, and so we must remand the matter to the trial court to resentence him as a second strike offender "unless the court, in its discretion, determines that resentencing [defendant] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) The trial court's order is appealable. (*Teal v. Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___.) We also agree with defendant that, as we held in *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052 (*Blakely*), his conviction for being a felon in possession of a firearm did not automatically render him ineligible for resentencing. We reject defendant's other contentions, however, and conclude the trial court properly denied his resentencing request.

Insofar as is pertinent to this appeal, in order for an inmate to be eligible for resentencing under the Act, his or her current sentence cannot have been "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Thus, an inmate is disqualified from resentencing if, inter alia, "[d]uring the commission of the current offense, the defendant … was armed with a firearm .…" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

5.

Defendant first contends he was entitled to have a jury determine whether he was armed with a firearm within the meaning of the Act. Defendant acknowledges we rejected this claim in *Blakely*, *supra*, 225 Cal.App.4th at pages 1060-1062, but says we erred. We are not persuaded.[3]

Defendant next contends that in order for him to have been "armed with a firearm" during commission of his current offense, "there must be another tethering or anchoring felony offense for the arming to attach to," and a nexus between the firearm and that separate underlying or tethering felony. Defendant recognizes we rejected this argument in *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1032, but again says we were wrong. Again, we are not persuaded. We see no reason to revisit the issue.

Last, defendant contends the facts of his current offense do not support a finding he was armed in its commission. We disagree. In *Blakely*, *supra*, 225 Cal.App.4th at page 1063, we concluded that a trial court determining eligibility for resentencing under the Act can "examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.]" The record

---

**3**     *Descamps v. United States* (2013) 570 U.S. ___ [133 S.Ct. 2276] does not assist defendant. It concerns ascertainment of whether a prior conviction qualifies as a predicate under the Armed Career Criminal Act — a statute that "*increases* the sentences of certain federal defendants who have three prior convictions 'for a violent felony' ...." (*Descamps v. United States*, *supra*, at p. ___, italics added [133 S.Ct. at p. 2281, italics added].) As we stated in *Blakely*, *supra*, 225 Cal.App.4th at pages 1061-1062: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. In the case of a third strike offender such as defendant, that sentence is the indeterminate term of 25 years to life in prison that the trial court permissibly imposed at the time defendant was convicted of his current offense, 'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. [Citations.]' [Citation.] The trial court's determination in the section 1170.126 proceeding that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled."

of conviction that may properly be examined includes the appellate opinion. (*People v. Woodell* (1998) 17 Cal.4th 448, 450-451.) The trial court here stated it would read our opinion, and we have no reason to believe it failed to do so.[4] As reflected in that opinion, the facts adequately established defendant, although not physically carrying the gun on his person, had it available for offensive or defensive use and so was "armed with a firearm" within the meaning of the Act. (*Blakely*, *supra*, 225 Cal.App.4th at p. 1054; *People v. Osuna, supra,* 225 Cal.App.4th at p. 1029; *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011-1013, 1016; cf. *People v. Bland* (1995) 10 Cal.4th 991, 997.) Accordingly, the trial court properly found defendant disqualified from resentencing as a second strike offender because he was armed with a firearm during the commission of his current offense.

## DISPOSITION

The judgment is affirmed.

---

**4**     Defendant says it is unclear which documents the trial court relied upon and whether those documents reliably reflected the record facts. We disagree. Having stated it would read the appellate opinion and ascertained both parties had a copy thereof, the court did not need to state it had read the opinion when announcing its ruling 10 days later.